UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Kimani Smith, | ) | CASE NO. 5:17 CV 915 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Joy Colvin, *et al.*, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Kimani Smith has filed this *in forma pauperis* civil action against Joy Colvin, Christopher Hendon, and others. The sum total of the substantive allegations set forth in his complaint, however, are that he is

> aware that Joy Colvin's live-in boyfriend Christopher Hendon is involved in criminal activity; impersonating a police officer and said wrongdoers have put my daughter's life at risk.

(Doc. No. 1.)

His complaint and Civil Cover Sheet indicate he seeks to assert a claim for "Endangering Children" under Ohio's child endangerment statute, Ohio Rev. Code §2919.22.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required

under 28 U.S.C. §1915(e) to screen all *in forma pauperis* actions, and dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B). In order to survive a dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) because it fails to allege factual material reasonably suggesting he might have any plausible federal civil claim over which this Court has jurisdiction.[1]

Accordingly, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, but his action is dismissed in accordance with 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: May 8, 2017                    /s/ John R. Adams
                                     JOHN R. ADAMS
                                     UNITED STATES DISTRICT JUDGE

---

[1] If the plaintiff truly believes his child's life is in danger within the meaning of Ohio Rev. Code §2919.22, he should seek assistance from law enforcement.